ALEX. CRITTENDEN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—56.]

**Criminal Law—Instruction as to Malice.**

> The law never implies malice from a given fact or facts, but its existence is in every instance to be determined by the jury. Hence an instruction is erroneous which informs the jury that under certain circumstances the law implies malice. Under the law in this state it is error to define in an instruction to the jury the term "Implied Malice."

**Prejudicial Error.**

> Even where an instruction is erroneous this court will not reverse where it is not shown to be prejudicial to the substantial rights of the accused.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 4, 1881.

OPINION BY JUDGE HINES:

The instruction given in this case which undertakes to define malice is abstractly wrong, because it tells the jury that under certain circumstances the law implies malice. We have repeatedly held that such instructions are erroneous, as the law never implies malice from any given fact or facts, but its existence is in every instance to be determined by the jury. Under the law of this state it is error to define in an instruction to the jury the term "implied malice." That belongs to the domain of logic,

13

and not to that of jurisprudence. The jury must determine from all the evidence in the case whether malice exists, but in doing so they are governed by the same rules of logic, and pursue the same method of reasoning, that are pursued and applied in the determination of any other material fact to fix guilt upon the accused. As in any other instance, the evidence may be direct and positive that malice exists, or the jury, from collateral facts and circumstances, may determine its existence. In any case it is a matter of inference to be drawn by the jury from the evidence, and not a matter of law to be determined by the court.

In the case under consideration, however, the instruction could not have been prejudicial to appellant, and the error is not, therefore, a reversible one. The court instructed the jury as to the law of self-defense and as to the offense of cutting in sudden heat and passion, and, in substance, said to the jury that in either case the law does not imply malice. These exceptions and reservations preclude the possibility of the instruction in regard to malice being misleading to the jury or prejudicial to the substantial rights of the appellant.

Judgment *affirmed*.

*Hunt & Darnell, Beck & Thornton, for appellant.*

*P. W. Hardin, for appellee.*